IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

BRISMAEGI A. CRAWFORD,

        Plaintiff,

Vs.                                                                      No.  12-2479-SAC

SOCIAL AND REHABILITATION
SERVICES OF WYANDOTTE COUNTY,
KANSAS; PAUL GREEN; and BILL DOW,

        Defendants.

MEMORANDUM AND ORDER

        The pro se plaintiff, Brismaegi A. Crawford, filed this civil action naming as the defendants the state agency, Social and Rehabilitation Services ("SRS"), her SRS case worker, Paul Green, and Mr. Green's supervisor, Bill Dow.  The plaintiff complains that the SRS is seeking to recover public assistance benefits overpaid her during the period of 2009 through 2011.  The plaintiff blames Paul Green and Bill Dow for authorizing her receipt of benefits and seeks a waiver of her liability for repayment based on her inability to pay and based on her open and honest applications and cooperation for public assistance.  She also seeks monetary damages equal to the overpaid benefits and punitive damages.

        The Magistrate Judge Gary Sebelius filed an order to show cause "why this case should not be dismissed for lack of subject-matter jurisdiction, why this case is not barred by Eleventh-Amendment immunity,

and why this case should not be dismissed for failure to state a claim upon which relief may be granted because, among other things, plaintiff has failed to allege the denial of a federal constitutional right, and plaintiff has failed to allege the individual defendants' personal involvement in the denial of a federal constitutional right." (Dk. 5, p. 2). The plaintiff has responded with filing a 35-page pleading that consists of eight pages of handwritten assertions and then exhibits including correspondence, notices and documentation apparently related to the plaintiff's receipt of public assistance benefits and the state's efforts to collect its overpayment of benefits. (Dk. 8). The plaintiff's pleading fails to address how her claim alleges the denial of a federal constitutional right and fails to overcome the Eleventh Amendment bar to her action.

Because the plaintiff is seeking to proceed in forma pauperis, the court shall review the complaint and may dismiss it if the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)--(iii). The court is to accept as true all well-pleaded facts and is to draw all reasonable inferences from those facts in favor of the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The court, however, is not under a duty to accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although pro se filings will be construed liberally, this court "will not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 1142 (2010). Dismissal of a complaint is warranted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal, a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible." *Id.* To be facially plausible, the complaint must contain factual content from which the Court can reasonably infer that defendants are liable for the misconduct which plaintiff alleges. *Ashcroft v. Iqbal*, 556 U.S. at 678.

The plaintiff's response reveals that she has been pursuing her administrative review remedies against the SRS's efforts to collect the overpayment but that she has not been successful in her efforts. "The KCAO Appeal Summary" dated September 30, 2011, states that the overpayment was due to "agency error" caused because Joseph Turner had not been considered in "the cash assistance or food assistance cases." (Dk. 8, p. 8). It further states: "Not including Mr. Turner in Ms. Crawford's assistance cases was due to Agency Error. That overpayment is still recouped per regulations." *Id*. Also included in her attachments is a limited actions petition filed by the SRS in March of 2011 that seeks to recover the overpayments and alleges Ms. Crawford had "failed to report correct

3

information." (Dk. 8, p. 19). Ms. Crawford asserts the SRS has informed her in a telephone call in August of 2011 that this action had been dismissed "for not being fraudulent." (Dk. 8, p. 3). Ms. Crawford complains that the SRS has not sent proof of this dismissal as it promised. *Id.*

In her response to the show cause order issued by this court, Ms. Crawford writes:

> Why this case should not be dismissed because I am fighting for my rights. I am one person with nothing. I was open and honest with my caseworker Paul Green from the start. I told him everything and he kept on giving me assistance, even though he knew that my husband was the only one working.

(Dk. 8, p. 1). She then describes her different contacts with SRS caseworkers and her representations to them about her financial condition and her living arrangements in 2009 through June of 2011. The plaintiff also includes the following:

> Around June 2011 I received a letter of overpayment to the SRS for $16,000.00 for not adding Joseph Turner as the father of Isaiah Crawford, which was a lie b/c I filled out child support questionnaire forms for my son's father back in 2008. . . .
>     Then in October 2011 I start receiving letters from the SRS that due to an agency error of overpayment I had to repay back all the money I was getting for cash assistance, food stamps and daycare back to them. From 2009 to 2011. I fought their decisions again because it did not make any sense why I had to pay back any $ when I gave my caseworker Paul Green all the proof, so how on my part is that my fault? When I appealed my case I was denied 3x's. I explained to the State Appeals Committee Judge and he ordered I paid it all back. So I appealed it again, and once again the man over the appeals sided w/ the SRS. I told him or tried to explain that I had no money and no income how could I repay. It didn't matter. So I felt like my rights was being taken away. No one heard me. So I started doing my own research which got me right here in your federal court.

4

> No help!  No money! Nothing! I got this far on my own.  Now I have the chance for someone to hear me! I don't know my laws that well that's why I asked for an appointed counsel to help me through.

(Dk. 8, pp. 3-4).  In sum, the plaintiff does not believe that she should be liable for repaying benefits overpaid because of agency error and that the state agency's failure to recognize her position as a valid and complete defense to liability is a denial of rights, particularly when she lacks the financial means to repay the benefits.

From reading her complaint and her expanded response, the court is unable to find any constitutional claim actionable in federal court.  The exhibits attached to the plaintiff's response explain the state's overpayment collection proceeding is based on the Kansas Economic and Employment Support Manual ("KEESM") governing these public assistance programs.  The online administrative manual plainly recognizes the state's ability to recover overpayments due to agency error and specifies the applicable procedures and methods for collection.[1]  There is nothing to suggest that the plaintiff did not receive these public assistance benefits on the condition of her acceptance of and cooperation with the program's established procedures and terms.  The plaintiff has not alleged any

---

[1] http://content.dcf.ks.gov/EES/KEESM/Keesm.htm.  Claims for overpayment due to agency error are addressed at KEESM 11121.1. The collection procedures are specified at KEESM 11126.  The court is not attaching PDF documents of these resources, as the exact terms are not material to this order.

constitutional violation with those administrative proceedings generally or with how they have been applied to her.

The Eleventh Amendment provides an immunity from federal suits against state agencies for damages and other forms of relief. *Federal Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002). This includes federal suits against state officers in their official capacities, *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003), but the Eleventh Amendment does not bar such official capacity suits that seek only prospective relief, *Chamber of Commerce v. Edmondson*, 594 F.3d 742, 760 (10th Cir.2010). The court does not find any genuinely cognizable claim for prospective relief. The plaintiff's pleading fails to specify the requested form of declaratory relief, and whatever is requested appears to address only her liability for past acts that will not recur. *Ysais v. New Mexico*, 373 Fed. Appx. 863, 866, 2010 WL 1511403 (10th Cir.), *cert. denied*, 131 S.Ct. 88 (2010). To the extent that plaintiff's claims for prospective relief are premised on her rights existing under state law, they are not cognizable under § 1983. *Jones v. City and Cnty. of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988). Moreover, "in *Will v. Mich. Dep't of State Police*, the Supreme Court held that, in suits for damages, 'neither a State nor its officials acting in their official capacities are "persons" under § 1983.' 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45

(1989)." *Ross v. The Board of Regents of The University of New Mexico*, 599 F.3d 1114, 1117 (10th Cir.2010).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556). The allegations of the complaint do not raise a claim of entitlement to relief against the named defendants in either their official or individual capacities. As far as the plaintiff's assertion that this court may "review . . . [a] state court judgment in a federal question context," she has not presented any genuine federal question context for such a review, and her mere dissatisfaction with the state administrative process certainly is not enough to create such a context. (Dk. 8, p. 7).

The court also denies any renewed request for appointment of counsel. (Dk. 8, p. 4) Having reviewed the plaintiff's claims, her ability to allege facts, and the absence of any actionable legal theory to her claims, the court finds the appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 526–27 (10th Cir. 1991) (factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted and on Eleventh Amendment immunity grounds;

IT IS FURTHER ORDERED that the plaintiff's renewed request for appointment of counsel (Dk. 8) is denied.

Dated this 22nd day of August, 2012, Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow, U.S. District Senior Judge