IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

BRISMAEGI A. CRAWFORD,

        Plaintiff,

Vs.                              No. 12-2479-SAC

SOCIAL AND REHABILITATION
SERVICES OF WYANDOTTE COUNTY,
KANSAS; PAUL GREEN; and BILL DOW,

        Defendants.

MEMORANDUM AND ORDER

        The court filed on October 3, 2012, an order directing the plaintiff to show cause why her filing entitled "Notice of RE-Appeal" (Dk. 13) should not be stricken or denied for the reasons stated therein. (Dk. 14). A judgment of dismissal was entered in this case on August 22, 2012, for failure to state a claim upon which relief may be granted and on Eleventh Amendment immunity grounds. (Dk. 9). The plaintiff filed her "Notice of RE-appeal" 40 days later which is outside the time periods for taking an appeal, Fed. R. App. P. 4(a)(1)(A), or for filing a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Due to these passing time limits, the show cause order explained that the court had allowed the plaintiff's "Notice" to be filed despite its non-compliance with the pleading requirements of D. Kan. Rule 5.1. (Dk. 14, p. 1). The show cause order then summarized the relief being requested in plaintiff's "Notice" and identified Fed. R. Civ. P. 60(b) as the

remaining procedural avenue for the plaintiff to pursue her arguments. The order then directed:

> The plaintiff's filing fails to articulate relief under any of the limited exceptions established in this rule. Thus, the court orders the plaintiff to show cause in a written pleading that complies with D. Kan. Rule 5.1 why the "Notice of RE-Appeal" should not be denied summarily for failure to state any exceptional circumstance warranting relief under Rule 60(b).

(Dk. 14, p. 3).

The plaintiff mailed the court a signed letter that was dated October 18, 2012. (Dk. 15). She apparently intends this letter to be her response to the show cause order. Her response simply repeats the same allegations that the court already discussed in its earlier orders. The plaintiff does not explain her "Notice of RE-Appeal" to be anything more than an attempt to have the court reconsider its dismissal of her action. Her response also fails to address any grounds for the narrow and exceptional relief allowed under Rule 60(b). It further fails to offer any new evidence or authorities putting into question the court's reasons for the earlier dismissal of this action.

The court expects that the plaintiff will understand from these orders that this court's jurisdiction is limited. It does not sit as an appeals court to the state court proceedings. Nor is it an administrative body that fields complaints about state assistance programs, investigates the complaints, and grants relief accordingly. To come within this court's jurisdiction, the plaintiff would need to plead an actionable constitutional

claim that was not subject to Eleventh Amendment immunity. She has not done so. The court accepts the plaintiff's response to the show cause order and denies her all relief requested in that response and in her earlier pleading entitled, "Notice of RE-Appeal."

IT IS THEREFORE ORDERED that the plaintiff's "Notice of RE-Appeal" (Dk. 13) and response (Dk. 15) are denied as motions for relief pursuant to Fed. R. Civ. P. 60(b).

Dated this 30th day of October, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge